Chad William Reed #584428
Charlie-South- #160
Davis Correctional Facility
6888 East 133rd Road
Holdenville, OK 74848



FILED

AUG 19 2021

PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CHAD WILLIAM REED,
  Plaintiff,

VS.

SCOTT CROW, Director of
the Oklahoma Department of
Corrections, REGINA Beede,
Chaplin, and CORE CIVIC
of AMERICA, LLC., defendants.

Case NO: 21 CIV 245 JFH

Jury Trial Demanded

## Parties

1. Plaintiff, Chad William Reed, was at all times mentioned herein an Oklahoma Citizen incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma.

2. Defendant, Scott Crow, Was at all times mentioned herein a Citizen of the State of Oklahoma. At all times mentioned he is/was employed by the Oklahoma Department of Corrections as the Director of the Oklahoma Department of Corrections. (O.D.O.C.) in Oklahoma City, Oklahoma. He is being sued in his Individual and Official Capicity for Compensatory, Nominal, Punitive Damages, and declaratory, and

(1)

Injunctive Relief.

3. Defendant, Regina Beedo, Was at all times mentioned herein a Citizen of the State of Oklahoma. At all times mentioned she was employed by the Core Civic of America as the Chaplin at Davis Correctional Facility in Holdenville, Oklahoma. She is being Sued in her Individual and official Capacity for Compensatory, Nominal, and Punitive Damages and declaratory, and Injunctive Relief.

4. Defendant, Core Civic of America, is a Private Corporation located in Nashville, Tn, Whom owns and operates Davis Correctional Facility in Holdenville, OK, where the Constitutional Rights of Plaintiff were Violated. Core Civic is a Subcontractor of/for the O.D.O.C. to house thier Inmates, They are being sued in thier Individual and Official Capacity for Compensatory, Nominal, and Punitive Damages and declaratory and Injunctive Relief.

## JURISDICTION

5. This Court has Original jurisdiction over Plaintiffs Civil Rights Claims brought Pursuant to Title 42 U.S.C.§ 1983, pursuant to Title 28 U.S.C.§ 1343. and over Plaintiffs Claims regarding his Religious Dietary Practices under Federal law, Title 42 U.S.C.§ 2000 cc-1 thru 5 (Religious Land USE and Institutionalized Persons Act of 2000 (R.L.U.I.P.A.)

## VENUE

6. Venue is appropriate in this District because the Constitutional violation's happened in this District at a Subcontracted Private Prision for the O.D.O.C. Director Scott Crow.

# COUNT ONE
## FIRST AMENDMENT - FREEDOM OF RELIGION
## DEFENDANTS SCOTT CROW, REGINA BEEDE, AND CORE CIVIC OF AMERICA ARE LIABLE TO PLAINTIFF BECUASE THEY ENFORCED A RELIGIOUS DIET POLICY THEY KNEW WAS GOING TO VIOLATE PLAINTIFFS FIRST AMENDMENT RIGHTS OF THE U.S. CONSTITUTION

### facts:

7. Plaintiff was transfered to Davis Correctional Facility on 8-22-2019, from James Crabtree Correctional Center. Davis Correctional Facility is a Private Prison facility owned by Core Civic of America (C.C.A.) which is Subcontracted by O.D.O.C. Scott Crow to house state inmates.

8. Upon Plaintiff's Arrival, Defendant Beede Subjected Plaintiff to O.D.O.C. Policy IOP-030112 sections (VI) Religious Diets (A) Restricted Meals (5) "Inmates must reapply for thier religious diet upon transfer to another facility."

9) Plaintiff has been on the Religious diet of Kosher since 1-19-2012. Plaintiff has been Practicing Judaism since 2012 and holds to the Kosher law Strictly, Levitieas 11; Deuteronomy 14; Code of Jewish Law Chapters 35 to 57.

10. Plaintiff was without his Religious Diet of Kosher from August 22nd, 2019, till November 9th, 2019, 79 days. Because of the Enforcement of O.D.O.C. Policy IOP-030112, this Plaintiff's Constitutional rights under the 1st Amendment of the U.S. Constitution and the R.L.U.I.P.A.

were Clearly violated.

11. OKlahoma Department of Corrections Policy I.O.P-030112 section (VI)(A)(5) serves not Penological Intrest whatsoever. And is Nothing more than a excuse to deny Kosher diets to Save food Cost. These types of Practices have been Condemmed by the Courts. see <u>Fulbright v. Jones, U.S.D.C. W.D. OK 2006 W.L. 222807, Citing Beerheide v. Suthers, 286 F.3d 1179, 1184 (10th Cir 2002)</u>.

12. This O.D.O.C. Policy I.O.P.-030112 section (VI)(A)(5) Completely fails the Supreme Courts holding in <u>Turner v. Safley, 482 U.S. 78 (1987)</u>, that "when a prison regulation impinges on Inmate Constitutional rights, the regulation is Valid if it is reasonable relatel to ligitimate penological intrest." id at 89. But this Policy serves No safty of Security issue that the Defendents Can point too.

13. The Tenth Circuit has long held that Prisioners have the right under the First Amendment to a diet that Conforms to thier sinecrly held Religious beliefs. See <u>Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002)</u> (First Amendment)

14. Therefore Defendant Beede Clearly Violated Plaintiffs 1st Amendment right when she Enforced O.D.O.C. Policy I.O.P-030112 section (VI)(A)(5) and made Plaintiff reaffirm his Religion and Resign up on his Religious Diet of Kosher.

15. The Private Prision Corporation, Core Civic of America (C.C.A.) Knew they

(4)

Were going to be intentionaly violating Jewish Inmates rights when they signed the Contract with the O.D.O.C. to house their State Prisoners and agreed to Enforce this Unconstitutional policy. C.C.A.'s Actions show clear deliberate Indifference to the Plaintiff's Religious Rights by Placing him into a "Hobsons Choice" of Eating food that violates his sincerly held religious beliefs or Starve. CCA in good faith Could have told O.D.O.C. that they Would Not Enforce O.D.O.C. Policy /O.P.-030112 (VI)(A)(5) and placed Plaintiff on his Kosher he was allready on and Recieving since 2012 when he got here on 8-22-2019. But in thier lust to Maximize profits for thier Share holders, they Chose to Enforce this Unconstitutional Policy and Plaintiff was denied his Religious Diet of Kosher for 79 days. They are Thus liabale to Plaintiff for Enforcing this Policy.

16. O.D.O.C. Director Defendant Scott Crow is Responsable for making sure that all of his Private Contract Prision's follow the O.D.O.C. policys and O.p.'s as they are written. The very fact that the Sub contractor/subordinate was carrying out a policy which was ordered and authorized by O.D.O.C. Director Defendant Crow creates liability under Respondent Superior. Thus Defendant Crow is liable to Plaintiff for Enforcing this unconstitutional Policy

Wherefore, Plaintiff is entitled to an award of Damages against Defendants ~~Crow and~~ for infringing upon this Plaintiffs First Amendment right to Practice his Sincerely held Religious beliefs, which includes eating "Kosher Meals".

(5)

# COUNT TWO
## INJUNCTIVE RELIEF UNDER R.L.U.I.P.A. PLAINTIFF SEEKS INJUNCTIVE RELIEF AGAINST DEFENDANTS CROW, BEEDE AND CORE CIVIC OF AMERICA TO CHANGE THE UNCONSTITUTIONAL POLICY WICH CAUSED A SUBSTANTIAL BURDEN ON PLAINTIFF'S RELIGION IN VIOLATION OF THE R.L.U.I.P.A.

17. Plaintiff Incorporates prior facts in paragraphs #7 thru #16 as if fully set forth in this Claim.

18. Plaintiff seeks prospective injunctive relief against the O.D.O.C. Policy/O.P.-030112 section (VI)(A)(5) "Inmates must reapply for thier religious diet upon transfer to another facility." This policy clearly caused a substantial Burden on Plaintiff's practice of his Religion of Judaism.

19. It is well established by the Tenth Circuit that prisioners have the under the First Amendment and R.L.U.I.P.A. to a diet that Conforms to thier sincerly held Religion beliefs, see Abdulhaseeb v. Calbone, 600 F.3d 1301, 1314-15 (10th Cir. 2010)(RLUIPA).

20. Plaintiff seeks prospective injunctive relief against O.D.O.C. Policy/OP-030112 section (VI)(A)(5) on the ground it violates RLUIPA. Such a Claim may be brought against individual prison officials in

(6)

their official capacities. see <u>Yellowbear v. Lampert, 741 F.3d 48, 53 n.1 (10th Cir 2014).</u>

21. The Tenth Circuit found in <u>Abdulhaseeb</u> that the district Court erred in finding no substantial burden existed when "there were or may have been periods" when the religious diet was not available to the inmate Id. at 1320. They have also cited a prisons failure to provide Jewish inmates with food that satisfies their religious dietary restrictions as an example of a substantial burden on the exercise of Religion under R.L.U.I.P.A, see <u>Yellowbear, 741 F.3d at 55-56.</u> Plaintiff was denied his Kosher meal for 79 days.

Wherefore Plaintiff is entitled to a Injunction to Cure this Unconstitutional Policy which caused a substantial burden of the Plaintiffs Practice of his Religion

## EXHAUSTION OF REMEDIES

22. These claims have been exhausted as is required by Title 42 U.S.C. § 1997e(a). In Grievance Number DCF 19-364.

23. Plaintiff has clearly stated a claim for First Amendment and R.L.U.I.P.A. Violations so there should clearly not be a waste of this Plaintiff's time and the Courts by filing a motion to dismiss under F.R.C.P. 12b by the Defendants.

(7)

## RELIEF SOUGHT

24. Plaintiff seeks Compensatory damages in this Case to be determined by a Jury.

25. Plaintiff seeks Nominal damages in this Case to be determined by a Jury.

26. Plaintiff seeks Punitive damages in this Case to be determined by a Jury.

27. Plaintiff seeks Injunctive and Declaratory relief in this case

## Prisoners Litigation History

28. Plaintiff has brought other lawsuits in federal Court while a Prisoner.

29. Plaintiff has brought 4 lawsuits as a prisoner. This will be Number 5.

30. A.) Reed v. Dowling, et. al, W.D.OK Case NO: CIV-14-88-C; Claimed 1st, 8th, 14th Amendment and RLUIPA violations; Dismissed for failure to Exhaust.

    B.) Reed v. Rodgers, et. al., W.D.OK CIV-14-653-C - claimed 14 Amendment violation; Case dismissed voluntary by Plaintiff.

    C.) Reed v Bryant, et. al., W.D. OK CIV-16-461-C; Claimed 1st Amendment, Retaliation, Due Process and R.L.U.I.P.A. violations; Case set for settlement Conference this fall.

    D.) Reed v. Curry, et. al.; W.D.OK CIV-19-766-J; Claimed Retaliation, 1st Amendment Violations and R.L.U.I.P.A. violations; Case set for settlement Conference this fall.

31. The Court has never assessed a "strike" or dismissal a "Prior Occasion" pursuant to 28 U.S.C. 1915(g) That I Know of.

## Declarations

I declare under Penalty of perjury that the foregoing is true and Correct.

s/ Chad William Reed                     8-16-2021
Plaintiffs Signature                         date
Chad William Reed #584428

I further declare under penalty of Perjury that I placed this Complaint in the prisions legal mail system, with the Correct postage attached on the 16 day of August, 2021.

s/ Chad William Reed                     8-16-2021
Plaintiffs signature                         date

## Certificate of Service

I hereby certify that a true and correct Copy of this Complaint was mailed to the Court Clerk by U.S. Postal Service, 1st Class Postage Prepaid at:

Court Clerk
United States District Court
Eastern District of Oklahoma
P.O. Box 607
Muskogee, OK 74402

8-16-2021                    s/ Chad William Reed
date                            Signature of Affiant
                                Chad William Reed #584428

(9)